FORET, Judge.
This appeal involves a suit instituted by Margaret Susan Romero (Romero) against Luddy Paul Herpin and Carlton Moise Her-pin (The Herpins) to cancel an agricultural lease. (The claim was based upon numerous alleged breaches of the lease.) The Herpins reconvened, claiming that Romero prevented them from growing a rice crop on 320 acres in the year 1987 and praying for damages for lost profits which resulted. The trial judge found no breach by the Herpins of any lease obligation and that the Herpins presented insufficient evidence to sustain their reconventional demand. Accordingly, the trial judge rendered judgment, dismissing the claims of Romero and the Herpins. Romero appeals from that judgment. The Herpins answered the appeal.
FACTS
Romero, her mother, Willie Mamie Sledge Romero, and her brother, Dr. Alton Romero, Jr. (Lessors) and the Herpins (Lessees) entered into an agricultural lease of six hundred forty acres. (The leased acreage was subsequently partitioned. Romero and her brother each received ownership of 320 acres.) The term of the lease was ten years, commencing on January 1, 1977 and terminating on December 31, 1987. The Lessors were entitled to 25% of all rice produced on the leased acreage. The obligations of Lessors and Lessees were provided as follows:
‘This lease shall be for agricultural purposes only and there shall be no grazing rights leased out by LESSORS or LESSEES, however, it is recognized that LESSORS or LESSEES may agree on a few head of animals to be grazed without interference with LESSEES agricultural rights and with no obligations upon LESSEES to maintain or erect any fences. Boundary fences shall be maintained by LESSEES if such fences are continued by LESSORS.
“LESSEES shall have free use of all pumps and equipment for irrigation purposes and shall, at the termination of this lease, or any additioanl [sic] term thereof, return said pumps and equipment in good running shape, ordinary wear and tear excepted.
“LESSEES shall plant not less than the full quota assigned to this land and agrees to plant as much land in soy beans as practicable in accordance with good recognized farming practices.”
In her lawsuit instituted on March 12, 1988, Romero alleged:
“Defendants have breached the terms of the lease with petitioner in that they have allowed animals to roam freely and graze on petitioner’s property without her consent or authorization; they have failed to maintain boundary fences as required by the lease; they have not maintained the pump and equipment they are permitted to use by this lease, such that said pumps and equipment will not be in good condition upon the termination of this lease, and they have not planted the full quota assigned to the land as required by the lease, among other particulars.”
Romero was the only lessor who complained about the Herpins. Her mother and brother did not express a complaint. With the exception of the cross-examination of the Herpins, all of the testimony elicited for and on behalf of the plaintiff was that of Romero herself, her father, and her daughter.
There was independent testimony of field consultants that the Herpins prudently *1220 managed the leased acreage. Those consultants testified that the Herpins’ farm was periodically inspected and that the inspectors were of the opinion that the farm was prudently managed. One witness who was a manager of a grain dryer recommended different chemical fertilizers and herbicides to the Herpins. The Herpins followed all of his suggestions. From the leased farm, the Herpins harvested an average to better than average yield.
Romero admitted that she did not sign the Herpins’ application to enter the 1987 rice subsidy program and that she rescinded the mandate by which the Herpins were formerly so authorized. Testimony was elicited that, in 1987, it was economically unfeasible to plant rice if the farmer was not a member of a government subsidy program because the farmer could not obtain financing for such an operation unless he belonged to the subsidy program.
In its reasons for judgment, the trial court announced:
“The Court has considered all of the evidence presented at the trial and finds that judicial dissolution of the lease is not warranted.
“The Court finds that the Defendants presented evidence sufficient to rebut the Plaintiff’s allegations regarding the breach of contract. The Court believes that the Defendants acted prudently and conducted farming operations in compliance with the lease obligations.
“The most serious alleged breach arose out of the “full quote” clause in the lease. However, it is the opinion of this Court that the Defendants satisfied this obligation by farming the lands under the government subsidy program. The Plaintiff acquiesced the program by virtue of her power of attorney recorded with the A.S.C.S. Office.”
It rendered judgment dismissing the claims of Romero and of the Herpins.
Plaintiff-appellant Romero assigns the following as manifest errors of the trial court:
(1) The court erred in failing to hold that the Herpins’ refusal to plant a rice crop for the year 1987 constituted a breach of
the agricultural lease, entitling her to a cancellation of that lease; and
(2) The court erred in holding that the Herpins acted prudently and conducted farming operations in compliance with their lease obligations.
Defendants-appellees, the Herpins, claim that the trial court manifestly erred in dismissing their reconventional demand for lost profits.
LAW
As a reviewing court, we must defer to the findings of fact of the trial court. Even where there is conflicting testimony, we must not disturb reasonable credibility evaluations and inferences of fact. Toth v. Ensco Environmental Services, Inc., 546 So.2d 188 (La.App. 1 Cir.), writ granted, reversed in part, 551 So.2d 623 (La.), writ denied, 551 So.2d 632 (La.1989).
The finding that Romero’s conduct prevented the Herpins from cultivating a rice crop in the year 1987 was such a factual finding in which we find no error. Accordingly, we affirm that part of the judgment dismissing Romero’s demand that the lease be cancelled.
We reverse that part of the trial court judgment dismissing the reconven-tional demand of the Herpins. The Her-pins revealed a valid claim for lost profits. Romero was under a duty to maintain the leased property in a condition to serve the purpose for which the Herpins leased it. That purpose was to grow a rice crop on that land. Romero breached that duty. She refused to sign the Herpins’ application to enter into the Federal Farm Subsidy Program. Without her signature, they were unable to do so. It was economically unfeasible for them, non-members of such a program, to cultivate a rice crop. The Herpins could not, therefore, obtain financing for the cultivation of the 1987 crop on 320 acres of the leased property. They lost profits as a result.
Having concluded that the Herpins lost profits as a result of Romero’s refusal to sign the necessary documents in order to enable the Herpins to participate in the *1221 Government Subsidy Program, it follows that the Herpins are entitled to recover any damages caused them by Romero’s actions or omissions. We have carefully examined the record as to the proof of damages. We are unable to determine, with some degree of accuracy, the amount of damages sustained by the Herpins. We believe that in the interest of justice a remand is necessary for additional evidence solely on the amount of damages.
“Where there is a legal right to recover but the damages cannot be exactly estimated, courts have reasonable discretion to assess damages based upon all the facts and circumstances of the case. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).” Tide Craft, Inc. v. Red Ball Oxygen Co., Inc., 514 So.2d 664, 672 (La.App. 2 Cir.), writs denied, 516 So.2d 135 and 516 So.2d 136 (La.1987).
Accordingly, we remand to the trial court for the purpose of permitting additional evidence of damages so that an intelligent estimation of damages can be made.
All costs of the main demand and of this appeal are assessed to plaintiff, Romero.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.